IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                        CRIMINAL 10-0352 (FAB)

[1]RAFAEL VALENTÍN-ROSA,
[2]ALBERTO ACEVEDO-ACEVEDO,

Defendants

ORDER OF DETENTION PENDING TRIAL

On September 13, 2010 a unit from the United States Customs and Border Protection Air Branch detected a wooden vessel heading in direction from the Dominican Republic towards Puerto Rico at a high rate of speed.  Customs and Border Protection Marine units were contacted and dispatched to approach the vessel.  When approached, the vessel refused to stop and failed to heave to.  A pursuit ensued which lead to the Customs and Border Patrol Marine units firing warning shots, and eventually firing shots that successfully disabled the vessel engine.  The vessel was detained approximately 11 nautical miles west of Puerto Rico and was occupied by the defendants.  Customs and Border Protection Marine Officers observed four burlaps bags that had brick-like packages wrapped in plastic that appeared to be narcotics contraband.  The packages found contained 99 bricks of suspected cocaine.  A field test on the packages reacted positive to

CRIMINAL 10-0352 (FAB)                 2

cocaine.   The seized packages weighed approximately 108 kilograms.   A cell phone and the bags that held the contraband were also seized.

The defendants Rafael Valentín-Rosa and Alberto Acevedo-Acevedo are charged in an indictment with knowingly and intentionally conspiring to possess with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846.   The defendants are also charged with knowingly and intentionally conspiring to import controlled substances, 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 952(a) and § 963.   (Docket No. 15.)   The government seeks detention of these defendants pending trial.

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond.   18 U.S.C. § 3142(e).

The detention hearing was held on September 17, 2010.  At the hearing, the United States was represented by Assistant United States Attorney Alberto López and the defendants were represented by Assistant Federal Public Defender

CRIMINAL 10-0352 (FAB)                    3

Giovanni J. Canino-Sanchez[1] and Juan M. Masini-Soler.[2]   The United States proffered information related to the defendant's participation in the alleged attempt to import controlled substances into Puerto Rico by boat with the intent to distribute said controlled substances.   The government provided this information from Augustín Báez Santiago, Senior Special Agent of the United States Immigration and Customs Enforcement (ICE).  Defendant Rafael Valentín-Rosa has an arrest record including three separate ten (10) year old convictions in the Commonwealth of Puerto Rico Superior Court for which he received sentences of one year imprisonment,[3] two years imprisonment and one year imprisonment.[4]

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.   In circumstances when detention is not mandated by the court, the court is

---

[1]Counsel for Rafael Valentín-Rosa.

[2]Counsel for Alberto Acevedo-Acevedo.

[3]The first one year sentence was for two separate charges and ran concurrently.  The remaining two sentences ran consecutively.

[4]The first sentence was issued on June 22, 2000 for robbery and carry and use of a sharp edge weapon. The second and third sentences were both for receiving illegally appropriated goods.  The sentences were issued on June 4, 2001 and March 8, 2001 respectively.

CRIMINAL 10-0352 (FAB)                    4

nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure defendant's presence at trial . . . . " United States v. Pérez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the

CRIMINAL 10-0352 (FAB)                    5

appearance of a defendant and the safety of the community.   Among the

instances where a presumption arises is the situation where,

> the judicial officer finds that no condition or combination
> of conditions will reasonably assure the appearance of the
> person as required and the safety of any other person
> and the community, such judicial officer shall order the
> detention of the person before trial.
>
> . . .
>
> an offense for which a maximum term of imprisonment of
> ten years or more is prescribed in the Controlled
> Substances Act (21 U.S.C. 801 et seq.), the Controlled
> Substances Import and Export Act (21 U.S.C. 951 et
> seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1)(3)(A).  The defendants face a term of imprisonment of

greater than ten years if convicted.

The indictment itself constitutes probable cause to believe that the offenses

charged have been committed and that the defendants Rafael Valentín-Rosa and

Alberto Acevedo-Acevedo have committed them.  Further, the offenses charged

against the defendants are ones for which a maximum term of imprisonment is

ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §

801 et seq.  Thus, as stated by the government at the detention hearing, section

3142(e)'s rebuttable presumption that "no condition or combination of conditions

will reasonably assure [defendant's] appearance . . . and the safety of . . . the

community . . . . " is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21

CRIMINAL 10-0352 (FAB)                    6

U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986); United States v. Valdez, slip op. 2010 WL 2583085 (D.N.H. June 22, 2010).

        In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case . . . . " United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  Notably, the burden is one of production, not of persuasion.  Id. at 380-81.  Congress intended the presumption to have a practical effect.  Id. at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g).  United States v. Palmer-Contreras, 835 F.2d at 18.  Title 18 U.S.C. § 3142(e) presumes dangerousness.  The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism.  S. Rep. No. 98-225, 98th Cong., 42nd Sess. 20, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3203.

        Notwithstanding the proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendants at further court proceedings, I find that the defendants have failed to rebut the presumption with regard to risk of flight.

CRIMINAL 10-0352 (FAB)                    7

What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." Krulewitch v. United States, 336 U.S. 440, 449 (1949); United States v. Amaro-Rodríguez, 593 F. Supp. 2d 382, 385 (D.P.R. 2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts. . . . Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." Id. (quoting Jeffers v. United States, 432 U.S. 137, 157 (1977), which in turn quotes Callahan v. United States, 364 U.S. 587, 593-94 (1961)). This particular conspiracy, of which these defendants are probably a part, is not uncommon in Puerto Rico, an island which is a well-known transhipment axle. The defendants' roles as importers at any level in the wholesale distribution chain are crucial and essential for this obviously extensive enterprise to succeed.

I adopt by reference the information and recommendation of the pretrial reports of the United States Probation Office. Admittedly, the nature and circumstances of the offense, identity of the drugs involved, role of these offenders, severity of the penalties and strength of the government's case weigh heavily in this decision. See 18 U.S.C. § 3142(g)(1).

CRIMINAL 10-0352 (FAB)                 8

The defendants have failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required.   They will be detained pending trial based upon the probable cause determination, the nature and circumstances of the offenses charged, the strength of the government's case, and the severity of the penalties the defendants face.

Defendants RAFAEL VALENTÍN-ROSA and ALBERTO ACEVEDO-ACEVEDO are detained pending trial.

It is ORDERED that RAFAEL VALENTÍN-ROSA and ALBERTO ACEVEDO-ACEVEDO be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendants RAFAEL VALENTÍN-ROSA and ALBERTO ACEVEDO-ACEVEDO be afforded reasonable opportunity to consult with there attorneys in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendants are being confined, deliver them to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.

CRIMINAL 10-0352 (FAB)                    9


In San Juan, Puerto Rico, this 28th day of September, 2010.

                                              S/ JUSTO ARENAS
                                 Chief United States Magistrate Judge